UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES HULON STEADMAN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:11CV00507 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL | ) | By: Norman K. Moon |
| JAIL- ABINGDON FACILITY, | ) | United States District Judge |
|     Defendant. | ) | |

Plaintiff, James Houlon Steadman, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail- Abingdon Facility. Steadman has also moved to proceed *in forma pauperis*, and the court grants his motion. The court finds that Steadman's complaint fails to state a plausible claim for relief against the named defendant and, therefore, dismisses it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Steadman argues that his incoming and outgoing mail to the press has been placed on hold, that he was denied copies of his grievances, that threats and false accusations have been made against him, and that he has been denied medical treatment for his foot that he believes is sprained.

II.

Steadman has named only the Southwest Virginia Regional Jail- Abingdon Facility as defendant to his action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690

(1978). Thus, a governmental entity, such as a local jail, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985). Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Steadman has failed to show that any official policy of the Southwest Virginia Regional Jail-Abingdon Facility, a local jail, was responsible for the violations or injuries he allegedly suffered.[1]

### III.

For the reasons stated above, the court will dismiss Steadman's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send a copies of this Memorandum Opinion and the accompanying Order to the parties.

ENTER: This 27th day of October, 2011.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that nothing in its decision today precludes Steadman from bringing an action against those individuals he claims violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.